IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| VERNON CHARLES | § | |
| v. | § | CIVIL ACTION NO. 6:22cv65 |
| DIRECTOR, TDCJ | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The Petitioner Vernon Charles, an inmate of the Texas Department of Criminal Justice, Institutional Division proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his confinement. The petition has been referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. Background**

Charles first challenges the legality of a murder conviction he received in Dallas County. He states that the court which prosecuted him was sitting in maritime or admiralty jurisdiction and he did not sign a contract binding him into criminal maritime jurisdiction. He states that the indictment is "a negative charge to the debtor," which debtor is Charles' "government-created strawman," but a positive charge to him, a "secured party creditor of the corporate United States." From thus dubious premise, Charles argues that the indictment is actually a "demand for payment in lawful money of the account of the United States."

Next, Charles complains that he has been denied good time and work time credits. He states that the jury imposed a sentence, but TDCJ gave him a status of "3g" which immediately denies him the benefit of having good time and work time credits applied toward shortening his period of

incarceration or being released on parole.[1] He says that his time sheet shows that he has received good time credits, but these credits only show that the time is being calculated, not that it goes toward his release on parole or shortening his term of incarceration. He also contends that this amounts to double jeopardy, in that the jury gave him a sentence but a policy was arbitrarily created to penalize "aggravated" offenders by denying them good time and work time. Charles further contends that the denial of good time and work time credits amounts to cruel and unusual punishment.

Charles attaches a time sheet dated September 28, 2021, which shows that he has earned over nine years of good time credits and five years of work time credits, and that he has a total of 28 years, one month, and eight days of parole time credits. TDCJ records show that he is serving a life sentence for murder out of Dallas County from 2003 and that he is eligible for parole in 2032.

Charles contends that Article 37.07 of the Texas Code of Criminal Procedure creates a liberty interest by invoking an expectation of parole. Because the jury expects the defendant to receive parole, he says, this has a direct effect upon the sentence imposed. Because he earned those time credits, there is a presumption that these credits should be applied either to the period of incarceration or his parole release.

## II. Discussion

### A. The Challenge to the Conviction

This is the second federal habeas petition which Charles has filed challenging his Dallas County conviction. *See* Charles v. Stephens, civil action no. 3:14cv3754 (N.D.Tex., dismissed January 6, 2015, *aff'd by denial of certificate of appealability* August 7, 2015).

On April 24, 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 (Public Law No. 104-132) was signed into law. This act amends 28 U.S.C. §2244 to read, in part, as follows:

---

[1] The term "3g offender" refers to inmates convicted of a list of more serious offenses once set out in Article 42.12, section 3(g) of the Texas Code of Criminal Procedure, which has now been recodified to Article 42A.054. Murder is a 3g offense.

> **28 U.S.C. §2244(b)(3)**. Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

Charles makes no showing that he has received permission from the Fifth Circuit to file a successive application for the writ of habeas corpus, and the on-line records of the Fifth Circuit do not show that he has received such permission. While Charles has previously sought such permission, the Fifth Circuit denied him leave to file a successive petition on April 17, 2018. In re Charles, slip op. no. 17-11482 (5th Cir., April 17, 2018).

Until Charles obtains permission from the Fifth Circuit to file a successive petition, the district court lacks jurisdiction to consider his claims in a new habeas corpus petition. Crone v. Cockrell, 324 F.3d 833, 836 (5th Cir. 2003). To the extent Charles complains about his conviction, such claims should be dismissed for want of jurisdiction until such time as leave to file a successive petition is obtained from the Fifth Circuit.

B. Good Time and Work Time Credits

Charles also complains of the execution of his sentence through the calculation of good time and work time credits, asserting that these credits should serve to reduce his term of imprisonment or shorten his parole eligibility. Under Texas law, good time and work time are the same; work time is simply good time which is given for working. Texas Gov. Code Ann. art. 498.003(d); Aguero v. Director, TDCJ, civil action no. 6:09cv124, 2009 U.S. Dist. LEXIS 44439, 2009 WL 1473214 (E.D.Tex., May 27, 2009, appeal dismissed). Neither good time nor work time serve to reduce the length of a prisoner's sentence but apply only to eligibility for parole or mandatory supervision. Ex Parte Hallmark, 883 S.W.2d 672, 674 (Tex.Crim.App. 1994); Palmer v. Texas Board of Paroles, 89 F.App'x 857, 2003 U.S. App. LEXIS 24969, 2003 WL 22945694 (5th Cir., December 10, 2003).

As noted above, Charles was convicted of murder and is serving a sentence of life imprisonment. As such, Charles is considered to be a "3g" offender not eligible for release on mandatory supervision, and Texas law provides that he is eligible for parole after serving 30 calendar years without consideration of good time. Tex. Gov. Code art. 508.145.

The fact that Charles' parole eligibility is calculated without consideration of good time does not show a constitutional violation. *See* Gordon v. Perry, civil action no. 5:06cv242, 2007 U.S. Dist. LEXIS 8244, 2007 WL 438253 (E.D.Tex., February 6, 2007), *aff'd* 259 F.App'x 651, 2007 U.S. App. LEXIS 28869, 2007 WL 4373046 (5th Cir., December 13, 2007), *cert. denied*, 553 U.S. 1082 (2008) (state has a legitimate interest in prohibiting certain violent offenders from obtaining early release). His claim on this point is without merit.

Furthermore, prisoners do not have a constitutional right to release prior to the expiration of a valid sentence. Greenholtz v. Inmates of the Nebraska Penal & Correctional Complex, 442 U.S. 1, 7, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979). The Constitution likewise does not guarantee prisoners good conduct time. Wolff v. McDonnell, 418 U.S. 539, 557, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). Texas law provides that only prisoners who are eligible for release on mandatory supervision have a liberty interest in good time credits and a constitutional expectancy of early release. Malchi v. Thaler, 211 F.3d 953, 957 (5th Cir. 2000). Prisoners have no liberty interest in parole under Texas law. Johnson v. Rodriguez, 110 F.3d 299, 307 (5th Cir. 1997). Charles is not eligible for release on mandatory supervision and thus lacks a liberty interest in his good time credits, and his claim lacks merit for this reason as well.

Charles argues that Texas Code of Criminal Procedure Art. 37.07 creates a liberty interest by invoking an expectation of parole. This statute permits the trial judge to instruct a criminal jury in the sentencing phase of the case about parole laws. While jurors are instructed under Article 37.07(4)(a) that a defendant may earn time off the period of incarceration imposed through the award of good time, the instruction further states that a 3(g) defendant such as Charles will not become eligible for parole until he serves the actual time of a portion of his sentence without

4

consideration of good conduct time. Consequently, the Fifth Circuit has held that Article 37.07 does not create a right to good time credits. Gordon v. Perry, 259 F.App'x at *653. This claim is without merit.

### C. Double Jeopardy

Charles contends that he has been subjected to double jeopardy in that the jury gave him a sentence but a policy was arbitrarily created to penalize aggravated offenders by denying them good time and work time. The fact that good time and work time do not count toward his eligibility for parole is not the result of an arbitrary policy, but a statute codified at Tex. Gov. Code art. 508.145.

The Double Jeopardy Clause provides that no person shall be subject for the same offense twice to be put in jeopardy of life or limb. U.S. Constitution, Amendment V. The clause protects against a second punishment for the same offense after an acquittal, a second prosecution for the same offense after a conviction, and multiple punishments for the same offense. United States v. Gonzalez, 76 F.3d 1339, 1343 (5th Cir. 1996).

Charles has failed to show a double jeopardy violation in the fact that his good time credits are computed according to Texas law. He has not received multiple punishments for one offense, but rather a single punishment of life imprisonment. The fact that good time is not counted toward his eligibility for parole does not implicate any protected liberty interest and is part of a sentence for murder under Article 508.145 in any event. His double jeopardy allegation is without merit.

### D. Cruel and Unusual Punishment

Finally, Charles asserts that the failure to count his good time and work time credits toward his parole eligibility amounts to cruel and unusual punishment. The Fifth Circuit has explained that indicia of confinement constituting cruel and unusual punishment include wanton and unnecessary infliction of pain, conditions grossly disproportionate to the severity of the crime warranting imprisonment, and the deprivation of the minimal civilized measures of life's necessities. Wilson v. Lynaugh, 878 F.2d 846, 848 (5th Cir.), *cert. denied* 493 U.S. 969 (1989); *see also* Berry v. Brady, 192 F.3d 504, 507 (5th Cir. 1999) (to establish an Eighth Amendment claim, a prisoner must show

an objective component of conditions so serious as to deprive him of the minimal measure of life's necessities, as when denied some basic human need).

While denying parole and requiring an inmate to serve his entire sentence may be punishment, it is not cruel and unusual punishment. Baumann v. Arizona Department of Corrections, 754 F.2d 841, 846 (9th Cir. 1985); *see also* Craft v. Texas Board of Pardons and Paroles, 550 F.2d 1054, 1056 (5th Cir. 1977) (disappointment suffered by prisoners upon arbitrary and capricious denials of parole do not amount to cruel and unusual punishment); Gross v. Quarterman, civil action no. 4:04cv136, 2007 U.S. Dist. LEXIS 92212, 2007 WL 4411755 (S.D.Tex., December 17, 2007). Similarly, while failure to count Charles' good time toward his parole eligibility date, in conformity with Texas law, may be a disappointment, it falls well short of the level of cruel and unusual punishment, particularly in light of his lack of a liberty interest in receiving parole or good time credits at all. Charles' claim on this point is without merit.

**III. Conclusion**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. §2253(c)(1)(A). A district court may deny a certificate of appealability *sua sponte* because the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. *See* Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000).

The prerequisite for either a certificate of probable cause or a certificate of appealability is a substantial showing that the petitioner has been denied a federal right. Newby v. Johnson, 81 F.3d 567, 569 (5th Cir. 1996). This requires a showing that the issues are debatable among jurists of reason, that a court could resolve the issues in a different manner, or that the questions are adequate to deserve encouragement to proceed further. James v. Cain, 50 F.3d 1327, 1330 (5th Cir. 1995).

Charles has not shown, nor does it appear from the record, that the issues are debatable among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are adequate to deserve encouragement to proceed further. He is not entitled to a certificate of appealability.

## RECOMMENDATION

It is accordingly recommended that the above-styled application for the writ of habeas corpus be dismissed with prejudice as to Petitioner's claims concerning his good time and parole eligibility, and dismissed with prejudice as successive until such time as Petitioner receives permission from the Fifth Circuit to file a successive petition. It is further recommended that the Petitioner Vernon Charles be denied a certificate of appealability *sua sponte*.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. Battle v. United States Parole Commission, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted and adopted by the district court except upon grounds of plain error. Duarte v. City of Lewisville, 858 F.3d 348, 352 (5th Cir. 2017).

**So ORDERED and SIGNED this 22nd day of February, 2022.**

7

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE